First Federal Savings and Loan Association of Hazleton, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued March 1, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., and Blatt. Judges Mencer and Rogers did not participate.

*Mary G. Cooper*, with her *Bigelow, Gillespie, Larocca and Cooper*, for appellant.

*Paul S. Roeder*, Deputy Attorney General, with him *Donald J. Murphy*, Deputy Attorney General, and *R. Scott Shearer*, Deputy Attorney General, for appellee.

Opinion by President Judge Bowman, July 1, 1976:

This is an appeal from a decision of the Board of Finance and Revenue denying First Federal Savings and Loan Association of Hazleton's (appellant) petition for review of the resettlement of its Mutual Thrift Institutions (MTI) tax for the year ending December 31, 1971.[1] In determining the appellant's

---

[1] The Mutual Thrift Institutions Tax Act, Act of June 22, 1964, P.L. 16, *as amended*, 72 P.S. §1986.1 et seq.

net earnings, upon which the tax is based, the Department of Revenue (Department) included interest received on Federal obligations. Appellant asserts that the inclusion of such interest is prohibited in view of the provisions of the Act of August 31, 1971, P.L. 395, 72 P.S. §4752-1 et seq. (hereinafter referred to as Act No. 94), as they relate to those of 31 U.S.C. §742, which provides:

"Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of tax, *except nondiscriminatory franchise* or other nonproperty *taxes* in lieu thereof imposed on corporations, and except estate taxes or inheritance taxes." (Emphasis added.) It is not disputed that the MTI tax is a "franchise or other nonproperty" tax within the meaning of 31 U.S.C. §742. Appellant's argument is that the tax is discriminatory in that the income from Federal obligations is included in net earnings while that from state and local obligations is, or rather should legally be, excluded. If the tax does have such a discriminatory effect, it is invalid. *Commonwealth v. Curtis Publishing Co.*, 363 Pa. 299, 69 A.2d 410 (1949), *petition denied*, 339 U. S. 928 (1950). However, the fact is, as the parties have stipulated, the Department has, since the effective date of the tax, included income on Commonwealth obligations in computing net income for MTI tax purposes. Thus, appellant's argument is reduced to the proposition that such practice is and has been illegal.

Appellant places primary reliance on Act No. 94, which provides in pertinent part:

"Notwithstanding the provisions of any law presently or hereafter enacted to the contrary, all obligations, their transfer and the income therefrom . . . issued by the Commonwealth, any public authority, commission, board or other agency created by the Commonwealth, any political subdivision of the Commonwealth or any public authority created by any such political subdivision, shall at all times be free from taxation . . . except . . . [inheritance and estate taxation] . . . ." 72 P.S. §4752-2.

Appellant argues that this provision clearly exempts the income from Commonwealth obligations from "net income" for purposes of the MTI tax. We cannot agree.

Appellant ignores the fundamental and long standing distinction between a franchise tax and a direct property tax. The MTI tax is a franchise or excise tax "for the *privilege of doing business* in the Commonwealth", measured by annual net earnings or income received or accrued "from *all* sources."[2] It is not a direct tax on property or the income therefrom. Our Supreme Court has consistently held that franchise or excise taxes may be *measured* by property, including obligations of the United States or the Commonwealth, or the income therefrom, which would not, of itself, be amenable to a direct property tax. *Commonwealth v. Ford Motor Co.,* 350 Pa. 236, 246, 38 A.2d 329, 334 (1944). *See also Commonwealth v. National Biscuit Co.,* 390 Pa. 642, 136 A.2d 821 (1957) and *Philadelphia Contributionship for Insurance v. Commonwealth,* 98 Pa. 48 (1881). While these cases were decided prior to Act No. 94, there is nothing in the language of that Act to distinguish it from the numerous prior statutes providing exemption from tax for state and local obligations. Similarly, on the

---

[2] 72 P.S. §1986.3. (Emphasis added.)

Federal level, it is significant to note that the second sentence of 31 U.S.C. §742, which specifically excludes franchise taxes from the operation of the exemption, was added in 1959 and was declaratory of prior case law. *See Werner Machine Co., Inc. v. Director of Division of Taxation, Department of Treasury, State of New Jersey,* 350 U. S. 492 (1956). Thus, the general tax exempt status of State and local, as well as Federal, obligations has never been a bar to their inclusion in the measure of a franchise or exise tax.

However, appellant argues that the legislature has recently clarified any ambiguity as to the exempt status of Commonwealth obligations for franchise or excise tax purposes by the Act of December 19, 1975, P.L. 576, amending the Industrial and Commercial Development Authority Law.[3] Section 15 of that statute as originally enacted provided, in pertinent part, that:

"[T]he bonds issued by any authority, their transfer, and the income therefrom . . . shall at all times be free from taxation within the Commonwealth of Pennsylvania." 73 P.S. §385.

This is identical to the language in Act No. 94. The amendment adds the following:

"The scope of the foregoing exemption from taxation includes, but is not limited to, property taxes, excise taxes for the privilege of doing business, and taxes measured or determined by income or net earnings." 73 P.S. §385.

It is clear that this amendment exempts bond interest of an authority created under this Act *received after December 19, 1975,* from the MTI tax. Consequently, the inclusion of interest received after that date from Federal obligations raises the specter of invalid dis-

---

[3] Act of August 23, 1967, P.L. 251, *as amended,* 73 P.S. §371 et seq.

crimination. 31 U.S.C. §742; *Commonwealth v. Curtis Publishing Co., supra.* However, we do not believe that this amendment is declaratory of the previous legislative intent with respect to Act No. 94. To the contrary, all indications are that the legislature specifically intended to change the law, presumably realizing that the general exempting language used in the past has not had the effect clearly intended by the amendment.[4] Moreover, had the legislature intended the amendment to have a retroactive effect, it could have easily so provided.

Consequently, whatever the effect this amendment will have on taxable periods subsequent to December 19, 1975, it can have no bearing on the appellant's tax year, which is the subject of this appeal. We find that income from state and local obligations was lawfully included as net income for MTI tax purposes in 1971, and the similar inclusion of income derived from the appellant's Federal obligations did not have a discriminatory effect.

Accordingly, we make the following

ORDER

Now, July 1, 1976, the decision of the Board of Finance and Revenue refusing appellant's petition for resettlement is hereby affirmed. Unless exceptions are filed within thirty (30) days hereof, the Chief Clerk is hereby directed to enter judgment in favor

---

[4] The Statutory Construction Act, 1 Pa. C.S. §1922(4), provides the following presumption: "That when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language." While our Supreme Court has not specifically construed the applicable language of Act No. 94, it has consistently ruled, since at least 1881, *see cases supra,* that similar language did not prevent the inclusion of tax exempt obligations and interest for the purpose of measuring franchise or excise taxes.

of the Commonwealth and against the appellant in the amount of $27,615.45 and mark the same satisfied, said amount having previously been paid by appellant.

Judge KRAMER did not participate in the decision in this case.