## HOUSEHOLD FINANCE CORPORATION *v.* STATE TAX COMMISSION

[No. 271, September Term, 1957.]

328

*Decided June 17, 1958.*

*Motion for rehearing filed July 5, 1958, denied July 17, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Floyd E. Britton,* with whom were *Guy B. Brown* and *James F. Thrift* on the brief, for appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City affirming a tax reassessment made by the State Tax Commission of Maryland (the Commission) against Household Finance Corporation (Household) after the decision of this Court in *Household Finance Corporation v. State Tax Commission,* 212 Md. 80, 128 A. 2d 640 (1957).

Household, a Delaware corporation with its principal office in Chicago, is a nation-wide finance company doing business in Maryland. It also owns and operates several subsidiaries in the same type of business. Maryland imposes an annual tax on "[s]o much of the capital stock of foreign finance corporations doing business in Maryland as represents the business done in this State * * *." Code (1951), Art. 81, § 7 (7), [codified as § 8 (7) in the 1957 Code]. The Commission, by § 20 (a) [§ 21 (a) 1957] of Article 81, is directed to determine the total value of all the capital stock of a finance company and allocate to Maryland that portion of the total value as fairly represents the business done in Maryland. Specifically, the statute provides that:

"* * * in apportioning the value of the shares between the business within and without Maryland, it shall be presumed in the absence of clear evidence to the contrary that the value of the property and business within Maryland bears to the value of the total business and property the same ratio which the gross receipts or earnings in Maryland * * * bears to the total gross receipts * * * [or] earnings * * *."

For the year 1953, the Commission arrived at $163,262,300 as the total value of all the capital stock. In order to allocate to Maryland its proper portion of this valuation, the Commission multiplied the total value by a fraction, the numerator of which was the gross receipts of Household in Maryland ($2,481,626), and the denominator of which was

the total gross receipts of Household wherever situated ($61,812,951). This last figure was not the gross receipts of Household and all its subsidiaries figured on a consolidated basis (approximately $75,000,000); it was the gross receipts of the parent company alone. We held on the previous appeal that the failure of the Commission's gross receipts fraction to include in its denominator consolidated gross receipts of the parent company and its subsidiaries necessarily resulted in a larger portion of the capital stock being attributed to Maryland than should have been, and that the tax was invalid because it was not imposed in accordance with the statute. In the previous decision, at p. 98, Judge Prescott clearly stated the basis of the view of the majority as follows:

"* * * if the Commission sees fit to arrive at the total value of a unitary enterprise on a consolidated basis, it cannot in fairness apportion that value as between Maryland and other jurisdictions on a basis which is inconsistent with, and which rejects, an element used in building up that value. Here, of course, that element is the earnings of the subsidiaries. They have been discarded and the gross earnings of the parent company only have been used for the apportionment."

By a divided Court, the Commission was directed to redetermine the value of the capital stock of Household in Maryland by such "formula or combination of formulas which it may deem proper and which may meet statutory and constitutional tests." [1]

The Commission in making the reassessment included in the denominator of its fraction the consolidated gross receipts of Household and all its subsidiaries, *and*, in addition, included in the numerator the gross receipts of business done

---

1. For a comment on the question which brought about the split decision in the previous case see the casenote by Cromwell, " 'Gross Receipts' Apportionment Formula in State Taxation of Foreign Corporation Operating Partly Through Subsidiaries," 17 Md. L. Rev. 327 (1957).

in Maryland by one of its subsidiaries, the Installment Loan and Finance Company (Installment). This subsidiary is also a Delaware corporation, primarily engaged in the business of making installment loans in Maryland. During the tax year 1953, the total gross receipts of Installment were $306,129, of which $304,044 (99.31% of its business) were derived from business done in Maryland. Installment has an administrative office in Chicago, and apparently, its stock is held by Household in that city, but, of course, its chief business office is in Maryland.

Household contends that the inclusion of the Maryland receipts of Installment in the numerator is incorrect. Its argument is based on the assumption that Household's property and business "in respect to Installment" is outside of Maryland and is therefore excludable from taxation in Maryland. The theory is that Household's business of owning, holding, and managing the capital stock of Installment and of controlling and supervising its business takes place in Chicago, or perhaps in Delaware, but certainly not in Maryland. Household insists that since its property in respect to Installment is the shares of Installment's stock held in Chicago, the receipts collected in Maryland by Installment should not be attributable to Maryland, but to Illinois.

Stripped of all dispensable details, the real issue in this case is simply whether it was permissible to include the receipts of a *foreign subsidiary* above as well as below the line of the fraction used in the apportionment formula of a *foreign parent* company. The answer is just as simple as the question. It was permissible.

To a large extent the argument made by Household in this case is not new. The same contention that it makes here with respect to the Maryland receipts of Installment was made in the former case with respect to its property and business at the general administrative offices or headquarters outside of Maryland. In the prior case we considered and rejected Household's theory of what should be excluded from taxation when we said at p. 96:

"[T]he working capital and the managerial ability which may, for the purposes of this opinion,

be considered as located at Household's operating headquarters * * *, contribute to the value of the enterprise through making both possible and profitable the operations of the many local offices, which carry on the actual business of lending money and produce practically the entire earnings of the whole organization."

Here Household argues that its property and business in respect to Installment should be excluded from the apportionment formula which includes consolidated gross receipts from Maryland business in the numerator, although it would include *all* of such consolidated gross receipts in the denominator. We rejected a similar argument in the former case that "headquarter's property and business" should be excluded from one part of the fraction. There is no valid reason why the Maryland receipts of Installment should be excluded here. See *National Leather Co. v. Massachusetts,* 277 U. S. 413 (1928), in which a foreign corporation doing business in Massachusetts owned the entire capital stock of two foreign subsidiaries also engaged in business in that state. The capital stock of the subsidiaries was included in the assets employed in the business in Massachusetts. The corporation sued to recover the tax resulting from the increased ratio, claiming the stock should not have been included among its assets in determining the Massachusetts tax. The Supreme Court, holding that the tax was properly assessed, said:

"[T]he capital stocks of the two subsidiary companies were employed by the petitioner in carrying on its business within Massachusetts. We find no adequate reason for disturbing this conclusion. On the contrary, looking to the substance of the transactions and not merely to form, we think that the petitioner, through its ownership of the capital stock of the two subsidiary corporations and the control which is thereby exercised over them, did, in a very real and practical sense, employ these stocks as an instrumentality in carrying on its business within Massachusetts—to the extent, at least, that the con-

trolled activities and property of the subsidiary corporations were within the State."

Obviously, the business done by Installment and Household in Maryland is one and the same operation. Therefore, if the use of consolidated gross receipts in the denominator of the fraction is proper, as we held in the former case, then the use of consolidated gross receipts from Maryland business in the numerator is proper, and we so hold.

Household does not directly challenge the reassessment as a denial of due process. Instead, it asserts that the Commission failed to follow the provisions of Sec. 20 (a), *supra.* On the contrary, we think it is clear that the Commission followed precisely both the spirit and the letter of the statutory provision as previously interpreted by this Court.

We hold that it was permissible for the Commission to include the Maryland receipts of Installment in the revised formula used by it in redetermining the value of the capital stock of Household attributable to Maryland. And, since the apportionment formula was reasonable and in accordance with the weight of the evidence, it meets the statutory test. It follows that the assessment entered by the Commission was valid, and the order of the chancellor will, therefore, be affirmed.

*Order affirmed, the costs to*
*be paid by the appellant.*