CONNECTICUT BANK AND TRUST COMPANY *v*. TAX COMMISSIONER OF THE STATE OF CONNECTICUT

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 6—decision released July 3, 1979

*Ralph G. Murphy,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Scott P. Moser,* with whom, on the brief, were *Jane S. McMillan* and *William G. DeLana,* for the appellee (plaintiff).

COTTER, C. J. The parties have stipulated to the following pertinent facts relating to the present appeal: The plaintiff, a Connecticut corporation engaged in the business of commercial banking, was, at all times during the calendar year 1971, subject to the Connecticut corporation business tax. See General Statutes c. 208 (General Statutes §§ 12-213 et seq.). In its business tax return for the calendar year 1971, the plaintiff included in the computation of net income "other interest" received in the amount of $53,863,780.77. On April 1, 1975, however, the plaintiff filed an amended corporation business tax return for the calendar year 1971 pursuant to § 12-225 of the General Statutes, claiming a refund of $27,840.81. That amended return was filed to exclude from its net income, for the purposes of the business tax, interest of $407,596.45 received from obligations of the state of Connecticut and certain of its political subdivisions which was originally included in the "other interest" reported in its 1971 return.

On May 1, 1975, the defendant commissioner notified the plaintiff that its amended tax return for 1971 was unacceptable and that the plaintiff's claim for a refund of $27,840.81, made upon the basis of the amended return, was denied. Thereupon, pursuant to the provisions of General Statutes § 12-237 then in effect, the plaintiff filed a timely appeal to the Court of Common Pleas from that action of the defendant. The court rendered judgment sustaining the plaintiff's appeal, from which the defendant has appealed to this court.

At issue in this case is the status, for purposes of computing the plaintiff's 1971 corporation business tax, of the interest the plaintiff received from certain state and local government obligations. General Statutes § 12-214 imposes upon a company "carrying on, or having the right to carry on, business in this state . . . a tax or excise upon its franchise for the privilege of carrying on or doing business . . . within the state, such tax to be measured by the entire net income . . . received by such corporation or association from business transacted within the state during the income year . . . ."[1] Under chapter 208, " 'gross income' means gross income as defined in the federal corporation net income tax law . . . and, in addition, means any interest received . . . by the taxpayer . . . [which is] excluded from gross income for purposes of assessing the federal corporation net income tax . . . ." General Statutes § 12-213.[2] In arriving at net income, the figure upon which the corporation business tax is based, "there shall be deducted from gross income . . . all items deductible under the federal corporation net income tax law . . . [except] interest received from federal, state and local government securities, if any such deductions are allowed by the federal government . . . ." General Statutes § 12-217.

The plaintiff concedes, as it must, that the effect of the above statutory provisions is that interest received from all sources by a corporation is included in "gross income," and interest from federal, state and local government securities is not

[1] The "additional tax" provisions of General Statutes § 12-219 are not involved in the present case.

[2] There is also an exclusion from "gross income" of certain dividend income under General Statutes § 12-213.

deducted from gross income to arrive at "net income." Nevertheless, the plaintiff contends that since the legislative enactments authorizing the issuance of the particular bonds in question specifically exempt the principal and interest of those bonds from state taxation,[3] the taxation provisions of chapter 208 do not apply to those bonds and the interest received thereon. It is argued, moreover, that to give effect to the provisions exempting those obligations from taxation, they must be interpreted to exclude interest on such bonds from the computation of the corporation business tax. We disagree.

The determinative issue presented by this appeal concerns the applicability, or non-applicability, of the legislative enactments which have granted the bonds in question exemption from state taxation with respect to the tax imposed under chapter 208 of the General Statutes. Under the facts of the present case, the answer depends upon whether the corporation business tax is levied upon the interest on those bonds, and, if it is not, whether the immunity granted those bonds extends to a tax not imposed directly upon the bonds or the interest on them.

---

[3] The bonds in issue in the present case are the following: (1) general obligation bonds issued by the state of Connecticut pursuant to General Statutes § 3-20; (2) bonds issued by the housing finance authority pursuant to General Statutes § 8-252; (3) highway system bonds issued by the state pursuant to General Statutes §§ 13a-176–13a-198j; (4) expressway bonds issued by the state pursuant to General Statutes §§ 13a-199–13a-220; and (5) bonds issued by the Mattabassett District pursuant to 31 Special Acts 104, No. 134.

The various language of the exemption provisions contained in the above enactments provides that the bonds shall be exempt either "from taxation," "from any taxes," or "from all taxation."

The tax established by chapter 208 of the General Statutes is " 'in the nature of an excise tax levied against domestic and foreign corporations alike, for the privilege of doing business in a corporate capacity within this State.' *Underwood Typewriter Co.* v. *Chamberlain,* 94 Conn. 47, 55, 108 Atl. 154 [aff'd, 254 U.S. 113, 41 S. Ct. 45, 65 L. Ed. 165]; *Bass, Ratcliff & Gretton, Ltd.* v. *Tax Commission,* 266 U.S. 271, 280 45 Sup. Ct. 82 [69 L. Ed. 282]; *National Leather Co.* v. *Massachusetts,* 277 U.S. 413, 423, 48 Sup. Ct. 534 [72 L. Ed. 935]." *Stanley Works* v. *Hackett,* 122 Conn. 547, 551, 190 A. 743. It is not a direct tax upon the allocated income of the corporation in a given year but a tax for the privilege of exercising its franchise within the state "measured by the entire net income . . . received by such corporation . . . from business transacted within the state during the income year . . . ." General Statutes § 12-214; *Underwood Typewriter Co.* v. *Chamberlain,* supra; see *Bass, Ratcliff & Gretton, Ltd.* v. *Tax Commission,* supra; see generally, 4 Cavitch, Business Organizations § 79A.01; 14 Fletcher, Corporations § 6953.

A very real distinction has been recognized between a tax laid directly on governmental instrumentalities or income derived from them, and an excise imposed upon corporate franchises, even though the corporate property or income which is the measure of the tax embraces tax exempt securities or their income. *Educational Films Corporation of America* v. *Ward,* 282 U.S. 379, 384–90, 51 S. Ct. 170, 75 L. Ed. 400; *Flint* v. *Stone Tracy Co.,* 220 U.S. 107, 162–63, 31 S. Ct. 342, 55 L. Ed. 389; see *Werner Machine Co.* v. *Director of Division of Taxation,* 350 U.S. 492, 76 S. Ct. 534, 100 L. Ed. 634; Fletcher, op. cit. § 6958. "This distinction, so often

and consistently reaffirmed, is but a recognition that the franchise, the privilege of doing business in corporate form, which is a legitimate subject of taxation, does not cease to be such because it is exercised in the acquisition and enjoyment of nontaxables. The distinction is one of substance, not of form . . . . It suffices to say that the tax immunity extended to property qua property does not embrace a special privilege, the corporate franchise, otherwise taxable, merely because the value of the corporate property or net income is included in an equable measure of the enjoyment of the privilege. The owner may enjoy his exempt property free of tax, but if he asks and receives from the state the benefit of a taxable privilege as the implement of that enjoyment, he must bear the burden of the tax which the state exacts as its price." *Pacific Co.* v. *Johnson,* 285 U.S. 480, 490, 52 S. Ct. 424, 76 L. Ed. 893; *Educational Films Corporation of America* v. *Ward,* supra.

The plaintiff nevertheless argues in support of the trial court's construction of the grants of immunity as not limited to taxes imposed upon the bonds and their interest but as embracing taxes on the corporate franchise measured by the net income of the taxpayer. The language of the legislation exempting these bonds and their interest from "any" or "all" taxation does not, in our view, reflect a legislative intent to extend the immunity to a tax upon a franchise, measured by net income from all sources. "Even if the construction were doubtful, the doubt, upon familiar principles, must be resolved in favor of the state." *Pacific Co.* v. *Johnson,* supra, 491. It is a well-settled principle that statutes which grant exemptions from taxation must be strictly construed against the party claiming an exemption.

*General Hartford, Inc.* v. *Tax Commissioner,* 178 Conn. 240, A.2d ; *Crescent Beach Assn.* v. *East Lyme,* 170 Conn. 66, 71, 363 A.2d 1045; *Fusco-Amatruda Co.* v. *Tax Commissioner,* 168 Conn. 597, 599, 362 A.2d 847. Moreover, since our corporation business tax provisions explicitly include in a corporation's measure of net income interest received from tax-exempt federal securities, our conclusion that the state exemption provisions in issue are not broad enough to render the interest from state and local bonds nonincludable in the measure of net income under chapter 208 is consistent with federal law prohibiting discrimination against federal securities " 'which diminish[es] . . . the market value or the investment attractiveness of obligations issued by the United States in an effort to secure necessary credit.' " *New Jersey Realty Title Insurance Co.* v. *Division of Tax Appeals,* 338 U.S. 665, 675, 70 S. Ct. 413, 94 L. Ed. 439; see *Werner Machine Co.* v. *Director of Division of Taxation,* 350 U.S. 492, 493–94, 76 S. Ct. 534, 100 L. Ed. 634.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the plaintiff's appeal.[4]

In this opinion the other judges concurred.

---

[4] In view of our conclusion that the legislation granting an exemption from taxation to the bonds in issue does not apply with respect to the tax imposed by chapter 208, the plaintiff's argument that the defendant is estopped from collecting the tax because of the plaintiff's reliance on those provisions is without merit. Estoppel rests upon the misleading conduct of one party to the prejudice of another. *Morrow* v. *Morrow,* 165 Conn. 665, 669, 345 A.2d 561. There is no claim made by the plaintiff that the defendant commissioner misrepresented to the plaintiff the status of the bonds for purposes of the corporation business tax. The plaintiff's misinterpretation of

the extent of the immunity granted by the legislation authorizing the issuance of the obligations in question does not support a claim of estoppel. As noted previously, "a tax upon a franchise, measured by net income, including that from tax-immune property, is not an infringement of the immunity." *Pacific Co.* v. *Johnson,* 285 U.S. 480, 490, 52 S. Ct. 424, 76 L. Ed. 893.