[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 2494
ISSUE
Whether the plaintiffs' motion for summary judgment in this appeal from a decision of the Commissioner of the Department of Revenue Services should be granted.
FACTS
On October 3, 1989, the plaintiffs, Transportation Leasing Corporation ("Transportation Leasing") and Interim Funding Corporation ("Interim Funding"), filed this appeal from a decision of the defendant, Timothy F. Bannon, Commissioner of the Department of Revenue Services of the State of Connecticut. On August 13, 1991, the plaintiffs and the defendant entered into a stipulation of facts ("stipulation") forming the underlying basis of this appeal.
The parties agree that this appeal stems from an audit by the defendant of the Connecticut corporation business tax ("corporation business tax") returns filed by Transportation Leasing and its affiliates for the 1983, 1984 and 1985 tax years. Stipulation, paragraph 1. Transportation Leasing, a California corporation licensed to do business in Connecticut, began filing combined corporation business tax returns in 1977. Stipulation, paragraph 4. These combined returns, authorized by General Statutes 12-223a, included all of Transportation Leasing's affiliates that were subject to the corporation business tax in the relevant tax years. Stipulation, paragraph 5.
In 1983, Transportation Leasing included for the first time in its corporation business tax return a new affiliate, Aircraft Services International, Inc. ("Aircraft Services"). Stipulation, paragraph 8. Transportation Leasing had also included Aircraft Services on its consolidated federal income tax return. Stipulation, paragraph 9. However, at the time Transportation Leasing filed its 1983 corporation business tax return, Aircraft Services had not filed Department of Revenue Services Form 208CC, "Authorization and Consent of Corporation to be Included in a Combined Tax Return." Stipulation, paragraph 11.
In 1985, Transportation Leasing became affiliated with Interim Funding Corporation ("Interim Funding"), a Delaware CT Page 2495 corporation qualified to do business in Connecticut. Stipulation, paragraphs 12 and 17. Transportation Leasing included Interim Funding on both its consolidated federal tax return and its combined corporation business tax return for the first time in 1985. Stipulation, paragraphs 13, 14 and 15. At the time Transportation Leasing filed its combined corporation business tax return, Interim Funding had not consented to inclusion in that return by filing Form 208CC. (Stipulation, paragraph 16).
Interim Funding's sole asset in 1985 was a building located in Connecticut. Stipulation, paragraph 21. Interim Funding had no employees located either inside or outside of Connecticut at that time. Stipulation, paragraph 19. The management and control of Interim Funding was conducted by another Transportation Leasing affiliate, Greyhound Leasing and Financial Corporation ("Greyhound"), from its offices in Phoenix, Arizona. Stipulation, paragraph 20. In 1985, all of Interim Funding's receipts and expenses were attributable to its ownership of the building in Connecticut. Stipulation, paragraph 24. Interim Funding declared a loss in the 1985 combined corporation business tax return. Stipulation, paragraph 25.
On March 1, 1989, the defendant issued a notice of assessment against Transportation Leasing, claiming that it owned an additional $185,160.00, plus interest, in corporation business tax for the years 1983 and 1985. Stipulation, paragraph 26. A portion of this assessment was based upon the defendant's rejection of Transportation Leasing's combined corporation business tax returns for 1983 and 1985. Stipulation, paragraph 27. The combined returns for those years were rejected because the defendant claimed that proper consent to be included in the combined returns had been given by neither Aircraft Services in 1983, nor Interim Funding in 1985. Stipulation, paragraph 29. The remainder of the assessment was based upon the defendant's reduction of Interim Funding's corporation business tax apportionment fraction for 1985. Stipulation, paragraph 28. The apportionment fraction was reduced because the defendant claimed that Greyhound had performed managerial services for Interim Funding outside of Connecticut. Stipulation, paragraph 32.
On October 15, 1990, the defendant filed an answer to the plaintiffs' complaint. On November 16, 1992, the plaintiffs CT Page 2496 filed this motion for summary judgment, on the ground that there is no genuine issue of material fact concerning the issues presented in the appeal. In support of the motion, the plaintiffs filed a memorandum of law, a copy of Connecticut Department of Revenue Services Policy Statement 92(1), and a copy of Columbia Federal Savings Bank v. Deloitte, Haskins and Sells, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 86-04-25 (August 4, 1989, Kremski, S.T.R.). The defendant filed a memorandum of law in opposition to the motion on December 18, 1992. In support of his position, the defendant filed an affidavit of John C. Libby, Tax Unit Manager for Interstate Corporate Audit of the Connecticut Department of Revenue Services. The defendant also submitted a copy of the 1973 corporation business tax return (Exhibit A), a copy of a 1981 corporation business tax return (Exhibit B), a copy of a 1981 "Application for Extension and Tentative Corporation Business Tax Return" (Exhibit C) and a copy of Department of Revenue Services Form 208CC (Exhibit D).
DISCUSSION
A. Standard of Review
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (citations omitted.) Hammer v. Lumbermen's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "The function of the trial court, in summary judgment proceedings, is not to decide issues of material fact but rather to determine whether any such issues exist." Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752 (1982). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116
(1990). "The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982)." Wilson v. New Haven, 213 Conn. 277, 279-80,567 A.2d 829 (1989).
B. Substantive Analysis
1. Consent to be Included in a Combined Return CT Page 2497
"The Connecticut corporation business tax; General Statutes12-213 et seq.; is a tax upon the franchise of corporations, whether they be domestic or foreign, `for the privilege of carrying on or doing business, owning or leasing property within the state in a corporate capacity. . . .'" Schlumberger Technology Corporation v. Dubno, 202 Conn. 412, 415 521 A.2d 569 (1987), quoting General Statutes 214a. The corporation business tax is a franchise tax "`measured by the entire net income . . . received by such corporation . . . from business transacted within the state during the income year. . . .'" (Citation omitted.) Connecticut Bank and Trust Co. v. Tax Commissioner, 178 Conn. 243, 247,423 A.2d 883 (1979). A group of affiliated corporations may choose to file a single combined corporation business tax return under General Statutes 12-223a, which provides in relevant part that:
 (1) Any taxpayer included in a consolidated return with one or more other corporations for federal income tax purposes may elect to file a combined return under this chapter together with such other companies subject to the tax imposed thereunder as are included in the federal consolidated corporation income tax return and such combined return shall be filed in such form and setting forth such information as the commissioner of revenue services may require. Notice of an election made pursuant to the provisions of this subsection and consent to such election must be submitted in written form to the commissioner of revenue services by each corporation so electing not later than the due date of returns due from the electing corporations for the initial income year for which the election to file a combined return is made.
(Emphasis added.) General Statutes 12-223a(1). In the event that a combined return is filed, each corporation included in the return is liable for the entire amount of tax due. General Statutes 12-223d.
A reading of General Statutes 12-223a(1) reveals two requirements that must be met in order for a corporation to be properly included in a combined corporation business tax return: (1) the corporation must also have been included in a consolidated federal tax return with its CT Page 2498 affiliates in the same tax year, and (2) the corporation must consent to its inclusion in the combined return "in written form to commissioner of revenue services." See General Statutes 112-223a(1), supra. The parties have stipulated that both Aircraft Services and Interim Funding were included in the consolidated federal tax returns for the relevant tax years. Stipulation, paragraphs 9 and 14.
The plaintiffs argue that they also fulfilled the consent requirement of the statute as well. They base this argument on their contention that because General Statutes 12-223a(1) does not specify the precise written form in which consent must be given, the acts of Aircraft Services and Interim Funding in "including themselves" in the combined returns for the relevant years serve to satisfy the consent requirement of the statute. (See Plaintiffs' brief, p. 17). In support of their argument, the plaintiffs note that mere inclusion in the return constitutes consent for the purposes of the consolidated federal tax return.
The defendant argues that the Department of Revenue Services has consistently interpreted General Statutes12-223a(1) as requiring that a separate written consent form must be filed with the return. The defendant claims that the instructions for filling out corporation business tax returns have directed those electing to file combined returns to submit Form 208CC as proof of consent since 1973.
It is first noted that "the interpretation of a statute by an agency created to administer that statute is traditionally accorded great deference." E.I.S., Inc. v. Board of Registration, 200 Conn. 145, 148, 509 A.2d 1056 (1986). "[T]he degree of such deference is limited when there is no record of consistent agency practice in regard to the particular [statute] relied upon. . . ." Beechwood Gardens Tenants Assn. v. Department of Housing, 214 Conn. 505, 510 n. 5, 572 A.2d 989 (1990). In the instant case, it is submitted that the defendant's interpretation of General Statutes 12-223a(1) should be given deference, because there is evidence suggesting a consistent agency practice regarding the consent requirement.
In support of his position, the defendant submits the affidavit of John C. Libby, an employee of the Department of Revenue Services since 1980. In his affidavit, Mr. Libby attests that the department "has consistently interpreted Conn. Gen. CT Page 2499 Stat. 12-223a to require written consent on Form 208CC by an electing corporation for inclusion in a combined return dating back to its enactment in 1973." Affidavit of John C. Libby, paragraph 3. Attached to Mr. Libby's affidavit as Exhibit A is a copy of a 1973 corporation business tax return, which in fact references Form 208CC. The instructions for completing the 1973 tax return specifically state that "[c]onsent in writing (Form 208CC) of each taxpayer corporation to be included in a combined Connecticut return . . . shall be attached to and made a part of the combined Connecticut Corporation Business Tax Return which is filed by an affiliated group of corporations included in a Consolidated Federal Corporation Income Tax Return." (Emphasis added.) Defendant's Exhibit A. The instructions for completing the 1981 corporation business tax return contain virtually identical language. See Defendant's Exhibit B. Accordingly, the defendant has presented evidence showing a consistent agency practice regarding the interpretation of General Statutes 12-223a; therefore, the court gives deference to that interpretation.
Furthermore, the plaintiffs' argument that mere inclusion in the combined return constitutes consent under General Statutes 12-223a lacks support. The plaintiffs base this argument upon the language of the corresponding statute in the federal Internal Revenue Code. The federal statute that permits affiliated groups of corporations to file consolidated tax returns specifically states that "[t]he making of a consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations. . . . The making of a consolidated return shall be considered as such consent." 26 U.S.C. § 101. Conn. General Statutes 12-223a contains no such provision.
It is the duty of courts to "`interpret statutes as they are written'. . . . `Courts cannot, by construction, read into statutes provisions which are not clearly stated.'" (Citations omitted.) Glastonbury Co. v. Gillies, 209 Conn. 175, 179,550 A.2d 8 (1988). "Moreover, it is not the province of a court to supply what the legislature chose to omit. The legislature is supreme in the area of legislation, and courts must apply statutory enactments according to their plain terms." Federal Aviation Administration v. Administrator, 196 Conn. 546, 550,494 A.2d 564 (1985). If the legislature had intended to allow the filing of a combined return to constitute consent to CT Page 2500 inclusion in the return, it could have done so in explicit terms, as Congress did in enacting 26 U.S.C. § 1501. Therefore because the legislature did not include such language in General Statutes 12-223a, the court does not read such a provision into the statute.
2. Apportionment of Income
"Well established federal law limits the taxing power of a state in accordance with the provisions of the commerce and due process clauses of the federal constitution. . . . Without apportionment, the state's corporation tax would be constitutionally suspect." (Citations omitted.) Altray Co. v. Groppo, 224 Conn. 426, 434, ___ A.2d ___ (1993). General Statutes 12-218, the apportionment statute, provides in relevant part that:
 Any taxpayer which is taxable both within and without this state shall apportion its net income as provided in this section. For purposes of apportionment of income under this section, a taxpayer is taxable in another state if in such state such taxpayer conducts business and is subject to a net income tax, a franchise tax for the privilege of doing business, or a corporate stock tax, or if such state has jurisdiction to subject such taxpayer to such a tax, regardless of whether such state does, in fact, impose such a tax. . . .
General Statutes 12-218. "The apportionment statute, although itself not a taxing statute, provides the criteria and formulae for determining net income subject to the state's corporation tax." Altray Co. v. Groppo, supra, 432. "For a multistate corporation that is taxable `both within and without this state,' the Connecticut corporate business tax is calculated by taxing the corporation, at current rates, upon the fraction of its entire net income that is apportioned to Connecticut in accordance with one of the formulae set out in General Statutes12-218." Schlumberger Technology Corporation v. Dubno, supra, 415.
A portion of the deficiency assessment against the plaintiffs is due to the defendant's reduction of Interim CT Page 2501 Funding's corporation business tax apportionment fraction for 1985. Stipulation, paragraph 28. The plaintiffs argue that the defendant lacks the authority to make such an assessment because Interim Funding suffered an operating loss in 1985. The plaintiffs base this argument upon language contained in General Statutes 12-221a, which provides in part that:
 With respect to any company subject to the tax imposed under this chapter, the commissioner, at any time within three years after the due date for the filing of such return, or in the case of a completed return filed after such due date, within three years after the date on which such return was received by the commissioner, which return is based on the method of apportionment provided for in said sections 12-218, 12-218a and 12-219a, may change such method if, in his opinion, such method has operated or will operate so as to subject the company to taxation on a lesser portion of its net income or additional tax base than is equitably attributable to this state and shall thereupon proceed to assess and collect taxes in accordance with such method as so changed by him.
(Emphasis added.) General Statutes 12-221a. The plaintiffs' assertion is that the language of General Statutes 12-221a
limits the defendant's power to assess tax deficiencies to those companies that have reported a net profit in a given tax year.
The plaintiffs' argument fails to take into account General Statutes 12-223a(3), which provides in relevant part that:
 (3) In the case of a combined return, the tax shall be measured by the sum of the separate net income or loss of each corporation included. . . . . . If the method of determining the combined measure of such tax in accordance with this subsection for two or more affiliated companies validly electing to file a combined return under the provisions of subsection (1) of this section is deemed by such companies to unfairly attribute an undue proportion of their total income or additional tax base to this state, said companies may submit a petition in writing to the commissioner of revenue services for approval of CT Page 2502 an alternate method of determining the combined measure of their tax not later than sixty days prior to the due date of the combined return to which the petition applies and said commissioner shall grant or deny such approval before said due date. In deciding whether or not the companies included in such combined return should be granted approval to employ the alternate method proposed in such petition, the commissioner of revenue services shall consider approval only in the event that the petitioners have clearly established to the satisfaction of said commissioner that all the companies included in such combined return are, in substance, parts of a unitary business engaged in a single business enterprise and further that there are substantial intercorporate business transactions among such included companies.
(Emphasis added.) General Statutes 12-223a(3). Under the combined return rules, all corporations included in a combined return are considered to be a single entity for tax purposes, and their revenue figures are aggregated for the purpose of calculating the tax. Where a combined return is filed, the phrase "net income", as used in General Statutes 12-221a, refers to the total net income of all corporations included in the return. Therefore, the defendant has the authority to reapportion where a group of affiliated corporations included in the same return have reported a net gain, regardless of whether any single corporation suffered a net loss. Furthermore, even if the plaintiffs' combined corporation business tax return for 1985 shows that the group suffered a total net loss for that year, the defendant would still have the authority to make any appropriate deficiency assessment. According to General Statutes 12-233,
 [t]he commissioner shall . . . (2) in the case of a return on which an operating loss is reported, within three years after the due date or the date of receipt by the commissioner, whichever period expires later . . . examine it and, in case any error is disclosed by such examination, shall, within thirty days after such disclosure, notify the taxpayer thereof.
(Emphasis added.) General Statutes 12-233. Accordingly, the defendant does have the authority to make the deficiency CT Page 2503 assessment against the plaintiffs in this case.
The plaintiffs argue in the alternative that even if the defendant does have the authority to issue a deficiency assessment based upon Interim Funding's apportionment of income for 1985, his assessment was incorrect based upon the facts of this case. The resolution of this issue requires a factual determination of the nature and value of the services performed in Arizona by Greyhound on behalf of Interim Funding, if any. Therefore, to grant summary judgment on this issue would be inappropriate.
CONCLUSION
The court defers to the defendant's interpretation of General Statutes 12-223a, because the Department of Revenue Services has shown a reasonable and consistent agency practice in regard to its interpretation of the consent requirement imposed by that statute. The defendant has the authority to make a deficiency assessment based upon the apportionment of Interim Funding's loss in 1985; although there is a genuine issue of material fact regarding the propriety of the defendant's decision to make that assessment.
Accordingly, the plaintiff's motion for summary judgment is denied.
Richard A. Walsh, J.