## WERNER MACHINE CO., INC. *v.* DIRECTOR OF DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, OF NEW JERSEY.

No. 63. Argued March 5–6, 1956.—Decided March 26, 1956.

*Charles Goodwin, Jr.* argued the cause for appellant. With him on the brief were *Halsey T. Tichenor, III,* and *Leopold Frankel.*

*Harold Kolovsky,* Assistant Attorney General of New Jersey, argued the cause for appellee. With him on the brief were *Grover C. Richman, Jr.,* Attorney General, and *Lawrence E. Stern* and *David D. Furman,* Deputy Attorneys General. *Ned J. Parsekian,* Deputy Attorney General, was on a Motion to Dismiss.

PER CURIAM.

The State of New Jersey imposes on each domestic corporation "an annual franchise tax . . . for the privilege of having or exercising its corporate franchise" in the State.[1] This tax, as applied to appellant, is measured by the corporation's "net worth," which is defined as the sum of the corporation's issued and outstanding capital stock, paid-in or capital surplus, earned surplus and undivided profits, other surplus accounts which will accrue to the shareholders (not including depreciation reserves), and debts owed to shareholders owning 10 percent or more

---

[1] N. J. Laws 1945, c. 162, N. J. S. A. §§ 54:10A–1 *et seq.*

of the corporation's stock.[2]  Appellant is a corporation organized under the laws of New Jersey, and is therefore subject to the tax.  In assessing appellant's tax for 1952, the Tax Commissioner included in appellant's net worth the value of certain federal bonds held by appellant, thereby increasing the amount due by $320.07.  Appellant protested, claiming that under R. S. § 3701, 31 U. S. C. § 742, these bonds were immune from state taxation.  The New Jersey courts upheld the Commissioner's assessment, and this appeal contests the validity of the state statute as so applied.

Appellant contends that this tax is not in reality a franchise tax, but is rather in the nature of a direct property tax on the immune federal obligations.  Corporate franchises granted by a State create a relationship which may legitimately be made the subject of taxation, *Home Ins. Co.* v. *New York,* 134 U. S. 594, 599–600; *Flint* v. *Stone Tracy Co.,* 220 U. S. 107, 162; *Educational Films Corp.* v. *Ward,* 282 U. S. 379, 388; and the statute expressly declares this to be a franchise tax.  Moreover, the Supreme Court of New Jersey has, on independent examination, found this to be "a *bona fide* franchise tax." [3] While this is, of course, not conclusive here, *Society for Savings* v. *Bowers,* 349 U. S. 143, we find no basis in this instance for not accepting the state court's conclusion that this tax is not imposed directly on the property held by the corporation.  Cf. *Pacific Co.* v. *Johnson,* 285 U. S. 480, 495–496.

Appellant argues further that even if this is a franchise tax, it must fall because its effect is the same as if it had been imposed directly on the tax-exempt federal securities. Since the tax remains the same whatever the character of

---

[2] *Id.,* §§ 54:10A–4 (d) (5).

[3] *Werner Machine Co.* v. *Director of Division of Taxation,* 17 N. J. 121, 125, 110 A. 2d 89, 91.

the corporate assets may be, no claim can be sustained that this taxing statute discriminates against the federal obligations. And since this is a tax on the corporate franchise, it is valid despite the inclusion of federal bonds in the determination of net worth. This Court has consistently upheld franchise taxes measured by a yardstick which includes tax-exempt income or property, even though a part of the economic impact of the tax may be said to bear indirectly upon such income or property. See, *e. g., Society for Savings* v. *Coite,* 6 Wall. 594; *Provident Institution* v. *Massachusetts,* 6 Wall. 611; *Hamilton Co.* v. *Massachusetts,* 6 Wall. 632; *Home Ins. Co.* v. *New York, supra; Educational Films Corp.* v. *Ward, supra; Pacific Co.* v. *Johnson, supra.* We have only recently adhered to this principle in another aspect of this field of taxation. See *Society for Savings* v. *Bowers, supra,* at 147–148. *New Jersey Realty Title Ins. Co.* v. *Division of Tax Appeals,* 338 U. S. 665, on which appellant relies, is distinguishable, in that it did not involve a franchise tax, but rather a tax whose legal incidence this Court found to be upon the intangible assets of the corporation.

Since as applied here this is a permissible tax on the corporate franchise, the decision below must be

*Affirmed.*