John T. Casey, J.
The complaint demands that section 131 of the Pari-Mutuel Revenue Law (L. 1940, ch. 254, § 131, as amd. by L. 1974, ch. 439, -§ 1) approved May 23,1974, be declared inapplicable to the plaintiffs, or, if not, unconstitutional. The relief requested is based on the theory that the enactment is an unconstitutional delegation of the State’s taxing power in violation of section 1 of article XVI of the New York State Constitution and permits New York City (the only city qualifying by population under the act) to tax beyond its territorial jurisdiction. It is further alleged that section 131 is incapable of compliance because of ambiguity and vagueness.
The disputed section authorizes any city having a population of one million or more to adopt a local laiw (not to be effective before July, 1974) imposing a 5% surcharge on the portion of pari-mutuel wagering pools distributable to persons having placed bets at off-track betting facilities within such city. The law further provides that if such a local law is adopted imposing the surcharge every other regional off-track betting operator in the State, within 60 days of such adoption, shall impose and collect the same surcharge.
The first question that must be answered is the plaintiffs’ standing to bring this action. The long established rule is that a municipality has no standing to challenge a State statute relating to its governmental powers and duties. (City of Buffalo v. State Bd. of Euqalization & Assessment, 26 A D 2d 213.) Conceding the surcharge to be a tax, its collection is certainly governmental in nature. (Lorillard v. Town of Monroe, 11 N. Y. 392, 394.) This conclusion would bar the plaintiff city from bringing this action and most probably would also bar the other plaintiffs, as agencies and subdivisions of the State, whose very existence and power to function in a gambling enterprise would otherwise be prohibited as illegal (N. Y. Const., art. 1, § 9) without legislative fiat. (Finger Lakes Racing Assn. v. New York State Off-Track Pari-Mutuel Betting Comm., 30 N Y 2d 207.) If this court were limited to that issue only, such would be my conclusion. (Black River Regulating Dist. v. Adirondack League Club, 307 N. Y. 475.)
There is some room for doubting the applicability of the standing issue to this case, however, for the plaintiffs impliedly, at *225 least, are urging that it is not a State statute that is being attacked but a law enacted by the City of New York, another municipality, that has no right whatever to surcharge oir tax the plaintiffs. While I disagree with this position for the reasons hereafter set forth there is enough arguable merit in it to prevent me from basing my determination on the plaintiffs’ lack of standing only.
The reason I disagree with the plaintiffs’ position here is that the law in question was enacted by the Legislature of the State, not by the City of New York. It cannot be doubted that the Legislature could have enacted the surcharge on all authorized betting facilities in the State directly, anymore than it can be doubted that New York City could not on its own, by local law, without legislative authority, enact the surcharge and extend it beyond its territorial jurisdiction. But neither of these extremes is involved here. The only reasonable interpretation that can be placed1 on the law herein is that the Legislature itself enacted the 5% surcharge and imposed it on off-track betting facilities State-wide, but only cn condition that New York City, as the only qualified city under the act, adopted it as a local law (which New York City did on June 27, 1974). When New York City passed the local law, that passage triggered the operation of section 131 State-wide as enacted by the Legislature. It has long been held that a statute may be enacted in such form that it shall have no effect until the happening ¡of some future event, either certain or uncertain. (See McKinney’s Cons. Laws of N. Y., Book 1, ¡Statutes, § 43.) Such conditional legislation is not unconstitutional.
When unconstitutionality is urged the burden is on those who attack the statute to demonstrate such beyond a reasonable doubt (Seagram & Sons v. Hostetter, 45 Misc 2d 956, affd. 16 N Y 2d 47), and the plaintiffs herein have failed to meet that heavy burden. ¡Similarly, the plaintiffs have failed to demonstrate any situation that would make the statute unconstitutional as it applies to them.
The plaintiffs are required to follow the statute as written and if a future situation arises which prevents compliance because of the statute’s warding then a determination will have to be made at that time and under those circumstances. The plaintiffs cannot now expect a court interpretation that will cover all the possibilities that might arise from their operations. All that can be said now is that the wording of the statute on its face is not so vague and ambiguous as to prevent compliance. There are-no remaining factual questions to be decided. *226 Judgment is, therefore, directed in favoir of the defendants declaring the statute (§ 131) constitutional and valid. (College (College Barn v. State of New York, 60 Misc 2d 715, affd. 25 NY 2d 657.)