REUBEN L. ANDERSON-CHERNE, INC. v.
COMMISSIONER OF TAXATION.

226 N. W. 2d 611.

February 14, 1975—No. 44816.

*Lewis L. Anderson,* for relator.

*Warren Spannaus,* Attorney General, *C. H. Luther,* Deputy Attorney General, and *Arthur J. Glassman,* Special Assistant Attorney General, for respondent.

Heard before Otis, Kelly, Todd, Yetka, and Knutson, JJ., and considered and decided by the court en banc.

KNUTSON, JUSTICE.*

Certiorari on the relation of Reuben L. Anderson-Cherne, Inc., to review an order of the Minnesota Tax Court denying relator's application for a refund of taxes paid pursuant to Minn. St. 1971, § 290.02, for the years 1968, 1969, and 1970.

The following facts have been stipulated:

"I.

"Appellant Reuben L. Anderson-Cherne, Inc. is a Minnesota corporation engaged in the business of mechanical contracting. Its principal office is in Minneapolis, Minnesota.

"II.

"During the fiscal year ended March 31, 1968, Appellant received interest income from United States Treasury notes and other obligations of the United States in the amount of $22,310.

---

* Retired Chief Justice acting pursuant to Minn. St. 2.724.

"III.

"During the fiscal year ended March 31, 1969, Appellant received interest income from United States Treasury notes and other obligations of the United States in the amount of $45,874.

"IV.

"During the fiscal year ended March 31, 1970, Appellant received interest income from United States Treasury notes and other obligations of the United States in the amount of $93,880.

"V.

"Appellant filed tax returns with the Commissioner of Taxation of the State of Minnesota, pursuant to the provisions of Minn. St., Chapter 290, for each of its fiscal years ended March 31, 1968, March 31, 1969, and March 31, 1970. Copies of said returns are contained in the Commissioner of Taxation's Return filed with the Tax Court herein and are hereby incorporated herein by reference. The respective amounts of $22,310 for the 1968 taxable year, $45,874 for the 1969 taxable year, and $93,880 for the 1970 taxable year, as indicated in paragraphs II, III and IV above, were included in Appellant's taxable income in its Minnesota tax returns for those respective taxable years.

"VI.

"Under date of June 4, 1971, Appellant filed claims for refund with respect to its taxable years ended March 31, 1968, March 31, 1969, and March 31, 1970, claiming that said amounts set forth in paragraphs II, III and IV above are not includible in taxable income under Minn. St., Chapter 290, and are exempt from taxation by the State of Minnesota under the provisions of Title 31, Sec. 742, U.S.C.A. as amended. * * *"

Minn. St. 1971, § 290.02, reads:

"An annual excise tax is hereby imposed upon every domestic corporation, except those included within section 290.03, for the privilege of existing as a corporation during any part of its taxable year, and upon every foreign corporation, except those included within section 290.03, for the grant to it of the privilege

of transacting or for the actual transaction by it of any local business within this state during any part of its taxable year, in corporate or organized form.

"The tax so imposed shall be measured by such corporations' taxable net income for the taxable year for which the tax is imposed, and computed in the manner and at the rates provided in this chapter."

It is relator's contention that its income from interest on United States government securities cannot be included in determining net income for the purpose of computing the taxes imposed under § 290.02. The interest from Federal securities is exempt from our state income tax under Minn. St. 290.08, subd. 8. It is also exempt from Federal taxation under 31 USCA, § 742, unless it comes within the exception found in that statutory provision.

The only question before us in this case may be stated as follows: Does 31 USCA, § 742, which forbids the state to include interest income on United States government obligations in its computation of any tax other than nondiscriminatory franchise or other nonproperty taxes in lieu thereof imposed upon corporations, forbid the inclusion of such income in a Minnesota corporation's net taxable income for the purpose of computing the so-called franchise tax imposed by § 290.02?

The governing Federal statute, 31 USCA, § 742, reads:

"Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax, except nondiscriminatory franchise or other nonproperty taxes in lieu thereof imposed on corporations and except estate taxes or inheritance taxes."

The relator does not contend that the tax imposed by Minn. St. 1971, § 290.02, is discriminatory but contends that it is an income or property tax rather than a franchise tax.

The Tax Court held that income from interest on Federal securities was includable in the net income of a corporation for the purpose of determining the amount of tax due under § 290.02. It said in part:

"* * * The State's position is that an 'income tax' which is called a 'franchise tax' is a 'nondiscriminatory franchise tax'. One could easily agree that it is nondiscriminatory in that it is not an attempt to circumvent the tax exempt status of Federal Securities and that it treats all corporations equally. The practice, however, of legislative labeling of a tax as one thing while its plain meaning is something different seems to invite judicial disapproval. Our Court has, however, clearly approved the practice in Duluth-Superior Dredging Co. vs. Commissioner of Taxation, B.T.A., Docket 251, April 11, 1946 * * *.

\* \* \* \* \*

"The Federal case of Northwestern Mutual Life Ins. Co., vs. Wisconsin 275 U. S. 136, 48 S. Ct. 55, 72 L. Ed. 202 (1927), held that the taxation of Federal Securities income was contrary to 31 U.S.C.A. 742.

"A later case, however, of Werner Machine Co. vs. New Jersey, 350 U. S. 492, 76 S. Ct. 534, sustained a New Jersey franchise tax based on the corporation's net worth, which included the value of certain Federal bonds. This apparently reflects the 1959 Amendment of 31 U.S.C.A. 742, when the exception of nondiscriminatory franchise taxes was added.

"We must, therefore, conclude that the Federal Securities income in this case is includable in taxpayer's income."

Relator relies on State v. Duluth, M. & N. Ry. Co. 207 Minn. 618, 292 N. W. 401 (1939), certiorari denied, 311 U. S. 719, 61 S. Ct. 439, 85 L. ed. 468 (1941) ; The Pullman Co. v. Commr. of Taxation, 223 Minn. 96, 25 N. W. 2d 838 (1947); and Milwaukee

Motor Transp. Co. v. Commr. of Taxation, 292 Minn. 66, 193 N. W. 2d 605 (1971).

It is true that in the first two cited cases we held that the tax imposed was a property tax. However, these cases are not controlling here. They considered the statute prior to 1947, when the legislature amended Minn. St. 1945, § 290.02, to provide that the tax was an excise tax. See, Western Union Tel. Co. v. Spaeth, 232 Minn. 128, 44 N. W. 2d 440 (1950). The case of The Pullman Co. v. Commr. of Taxation, *supra,* contains a persuasive dissent by three members of the court as then composed in which the difference between a franchise tax and a property tax is clearly stated in the following language:

"There can be no doubt that a state may impose constitutionally upon a foreign corporation engaged in interstate and intrastate transportation a tax for the privilege of carrying on the intrastate business measured by a percentage of the income therefrom, even though the carrier uses the same instrumentalities and employes in conducting both kinds of commerce and pays a state ad valorem tax on those instrumentalities. [Citations omitted.] The two taxes relate to distinct and different subjects. The subject of an ad valorem tax is property, and that of an excise tax is a right or privilege." 223 Minn. 110, 25 N. W. 2d 846.

In the Milwaukee Motor case, we did refer to the tax somewhat interchangeably as a franchise and income tax. The nature of the tax was not an issue in that case; the only question was whether the two corporations involved were one and the same rather than two separate corporations. While we may have referred to the tax as an income tax rather imprecisely, what we were dealing with was the franchise tax and not an income tax. Relator has cited us no case holding directly that the tax under § 290.02 is an income tax.[1]

---

[1] We note that the legislature, in L. 1974, c. 556, § 18, amended Minn. St. 1971, § 290.02, by striking the word "excise" and inserting the word "income" to describe the tax imposed by § 290.02. Whatever the effect

The United States Supreme Court has stated the general rule that a tax is a franchise tax rather than an income tax if it requires that the earning of the income and the exercising of the privilege of doing business in corporate form coincide before imposing tax liability. See, Educational Films Corp. v. Ward, 282 U. S. 379, 51 S. Ct. 170, 75 L. ed. 400, 71 A. L. R. 1226 (1931); Flint v. Stone Tracy Co. 220 U. S. 107, 31 S. Ct. 342, 55 L. ed. 389 (1911).

The controlling Federal statute, 31 USCA, § 742, was amended in 1959 so as to include the language now found in it which permits the inclusion of income on Federal obligations for the purpose of determining the amount of a nondiscriminatory franchise tax. Prior to the amendment the statute read: "Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority."

If the contention of relator is tenable, the amendment of the Federal act so as to permit the inclusion of income from Federal obligations in determining the amount of "nondiscriminatory franchise or other nonproperty taxes" would be completely meaningless.

Without going into a lengthy discussion on the subject, we are convinced that the Tax Court correctly held that the tax involved in this case is not levied on the income from interest on government securities as such, but was, in fact, a franchise tax imposed upon the privilege of operating as a corporation. The inclusion of interest on Federal securities in determining net income of the corporation is used only as a measuring stick to compute the amount of a franchise tax due under Minn. St. 1971, § 290.02. As such, it is permissible under 31 USCA, § 742.

Affirmed.

---

of the amendment may be, as to which we express no opinion, it is not applicable to this case.