**ROCHESTER BANK & TRUST COMPANY, Respondent,**

v.

**The COMMISSIONER OF REVENUE, Relator.**

No. 50795.

Supreme Court of Minnesota.

May 15, 1981.

Warren Spannaus, Atty. Gen., and James W. Neher, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for relator.

Richard H. Plunkett, Rochester, for respondent.

PETERSON, Justice.

The relator, Commissioner of Revenue, obtained a writ of certiorari to review a decision of the Minnesota Tax Court to the effect that interest received by the Rochester Bank & Trust Company on Puerto Rican bonds held by the bank was not includable in its taxable net income for purposes of the computation of the bank excise tax pursuant to Minn.Stat. § 290.361 (1978). We reverse.

The parties have adopted the following findings of fact made by the trial court:

1. The Commissioner included in [the bank's] taxable net income for the purpose of computing bank excise tax pursuant to Minn.Stat. Section 290.361 interest on bonds issued by the Government of Puerto Rico.

2. Commissioner's Order dated February 3, 1978 denied [the bank's] claim for refund of bank excise taxes imposed by Minn.Stat. Section 290.361 for the years 1973 through 1975. The amount of the tax in controversy for each of those years is: 1973—$231.00; 1974—$1,045.00; and 1975—$1,537.00.

3. [The bank] also appeals from the assessment, by a second Commissioner's Order dated February 3, 1978, of additional bank excise tax for 1976 in the amount of $1,083.43.

The pertinent state legislation is as follows:

Minn.Stat. § 290.361, subd. 1 (1978), provides:

An excise tax measured by net income is hereby imposed on national and state banks by this chapter and shall be governed by the provisions of section 290.02.

Minn.Stat. § 290.02 (1980) provides:

An annual excise tax is hereby imposed upon every domestic corporation, except those included within section 290.03, for the privilege of existing as a corporation during any part of its taxable year, and upon every foreign corporation doing business within this state, except those included within section 290.03, including but not limited to railroad companies for the grant to it of the privilege of transacting or for the actual transaction by it of any local business within this state

during any part of its taxable year, in corporate or organized form.

The tax so, imposed shall be measured by such corporations' taxable net income for the taxable year for which the tax is imposed, and computed in the manner and at the rates provided in this chapter.

Minn.Stat. § 290.08 (1978) provides in pertinent part as follows:

Subdivision 1. The following items shall not be included in gross income, provided that any item which was excluded in arriving at gross income under the provisions of section 290.01, subdivision 20, shall not be again excluded under this section.

. . . .

Subd. 8. Interest upon obligations of the United States, its possessions, its agencies, or its instrumentalities, so far as immune from state taxation under federal law; provided, that salaries, wages, fees, commissions or other compensation received from the United States, its possessions, its agencies, or its instrumentalities shall be excluded from gross income for all taxable years ending prior to January, 1939; provided, that salaries, wages, fees, commissions, or other compensation received from the United States, its possessions, its agencies, or its instrumentalities for taxable years ending prior to January 1, 1939, shall be excluded only to the extent that salaries, wages, commissions, fees and other compensation received from the state of Minnesota, its political or governmental sub-divisions, its municipalities, or its governmental agencies or instrumentalities for that year are excluded from gross income under the federal revenue acts; provided, that salaries, wages, fees, commissions, or other compensation received from the United States, its possessions, its agencies, or its instrumentalities by federal employees residing in "federal areas" shall be excluded from gross income for all taxable years ending prior to January 1, 1941;

. . . .

Subd. 13. Subdivisions 4, 5, 10 and 11 shall not apply to corporations and subdivisions 7 and 8 shall not apply to corporations taxable under section 290.02 or under section 290.361.

Two federal legislative provisions are germane to this controversy:

48 U.S.C. § 745 (1976) provides: All bonds issued by the Government of Puerto Rico, or by its authority, shall be exempt from taxation by the Government of the United States, or by the Government of Puerto Rico or any political or municipal subdivision thereof or by any state, territory, or possession, or by any county, municipality, or other municipal subdivision of any state, territory or possession of the United States, or by the District of Columbia.

31 U.S.C. § 742 (1976) provides: Except as otherwise provided by law, all stocks, bonds, Treasury notes and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax, except nondiscriminatory franchise or other nonproperty taxes in lieu thereof imposed on corporations and except estate taxes or inheritance taxes.

The narrow question presented is whether, by enacting 48 U.S.C. § 745 (1976), Congress intended the broad interpretation that Puerto Rican bonds and the interest therefrom be exempt from all taxation, direct or indirect, and not subject to the exceptions contained in 31 U.S.C. § 742 (1976), applicable to obligations of the United States. There is no dispute that had the bonds been issued by the United States government, the interest thereon would have been available to the commissioner for computation purposes. An affirmance of the decision of the Tax Court would recognize a distinction between obligations of the United States government and those of the government of Puerto Rico in the computation of the state excise tax imposed by section 290.361, subd. 1.

It has been uniformly held, pursuant to 31 U.S.C. § 742 (1976), that interest earned on exempt federal obligations may be included in taxable net income for the computation of nondiscriminatory franchise taxes. *Werner Machine Co. v. Director of Division of Taxation*, 350 U.S. 492, 76 S.Ct. 534, 100 L.Ed. 634 (1956); *Reuben L. Anderson-Cherne, Inc. v. Commissioner of Taxation*, 303 Minn. 124, 226 N.W.2d 611 (1975); *Duluth-Superior Dredging Company v. Commissioner of Taxation*, No. 251 (Minn.Bd. Tax App. April 11, 1946).

Judicial construction should further the public policy inherent in these federal statutes. There is no explicit statutory provision for inclusion in the bank's tax net income of interest earned on Puerto Rican bonds in the computation of its excise tax, but neither is there clear indication that Congress intended to exclude it. We do not discern in indicia of Congressional intent, or considerations of public policy, any basis to support distinctive treatment between obligations of the United States government and those of its possessions, agencies or instrumentalities. Federal legislation making Puerto Rican bonds exempt from taxation manifests no intent that the exemption should extend beyond a prohibition against direct taxation. Uniformity of treatment of obligations of the United States and its governmental possessions or units has been legislatively assured by the singular treatment embodied in Minn.Stat. § 290.08, subd. 8 (1978). We therefore interpret 48 U.S.C. § 745 (1976) to include by implication the same exceptions contained in 31 U.S.C. § 742 (1976). The commissioner's order must be reinstated and the contrary decision of the Tax Court reversed.

Reversed.