502 So.2d 964 (1987)
FIRST UNION NATIONAL BANK OF FLORIDA, a National Bank, and First Union Corporation of Florida, a Bank Holding Company, Appellants,
v.
FLORIDA DEPARTMENT OF REVENUE, an Agency of the State of Florida, and Gerald D. Lewis, Comptroller of the State of Florida, Appellees.
No. BK-432.
District Court of Appeal of Florida, First District.
February 5, 1987.
Joseph C. Jacobs, Thomas M. Ervin, Jr., and Stuart E. Goldberg of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellants.
Jim Smith, Atty. Gen., and Linda Lettera, Asst. Atty. Gen., Tallahassee, for appellees.
BOOTH, Chief Judge.
This cause is before us on appeal from a summary judgment entered in favor of appellees upholding the validity of Section 220.63, Florida Statutes,[1] on the grounds that the tax thereby imposed on banks is a nondiscriminatory franchise tax for the privilege of doing corporate business in the state.[2] Section 220.63, Florida Statutes, is in pertinent part as follows:
(1) A franchise tax measured by net income is hereby imposed on every bank and savings association of each taxable year commencing on or after January 1, 1973, and for each taxable year which begins before or ends after January 1, 1973. The franchise tax base of any bank for a taxable year which begins before and ends after January 1, 1972, shall be prorated in the manner prescribed *965 for the proration of net income under s. 220.12(2).
(2) The tax imposed by this section shall be an amount equal to 5 1/2 percent of the franchise tax base of the bank or savings association for the taxable year... .
(3) For purposes of this part, the franchise tax base shall be adjusted federal income, as defined in s. 220.13, apportioned to this state, plus nonbusiness income allocated to this state pursuant to s. 220.16, less the deduction allowed in subsection (5) and less $5,000.
Appellants contend the purported franchise tax is substantively indistinguishable from the Florida corporate income tax and, as such, is invalid to the extent it conflicts with the Federal Public Debt Statute, Title 31, Section 3124, United States Code, by including interest earned on United States stocks and obligations in its tax base.
The United States Code, Title 31, Section 3124, provides in pertinent part:
Exemption from taxation
(a) Stocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State. The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except 
(1) a nondiscriminatory franchise tax or another nonproperty tax instead of a franchise tax, imposed on a corporation; and
(2) an estate or inheritance tax. [emphasis added]
Appellants claim that the tax levied upon banks by Section 220.63 does not fall within the above-quoted exception of Title 31, Section 3124(a)(1), United States Code, since the Florida bank "franchise" tax is nothing more than a mislabeled income tax.[3]
The United States Supreme Court has upheld state taxes levied upon a corporate franchise even though a part of the economic impact of such a tax may be said to bear indirectly upon income derived from instrumentalities of the federal government. Werner Machine Company, Inc. v. Director, Division of Taxation, Department of Treasury, State of New Jersey, 350 U.S. 492, 76 S.Ct. 534, 100 L.Ed. 634 (1956). However, if judicial inquiry discloses that the purpose of state legislation is to accomplish indirectly what cannot be accomplished directly, namely, the taxation of federal instrumentalities, then the tax must be stricken. This is true regardless of the name ascribed to the tax by statute. Macallen Company v. Commonwealth of Massachusetts, 279 U.S. 620, 625, 49 S.Ct. 432, 434, 73 L.Ed. 874, 879 (1929); Owens v. Fosdick, 153 Fla. 17, 20, 13 So.2d 700, 703 (1943). Judicial inquiry into the nature of a tax should focus on the operation and practical effect of the tax in question. Educational Films Corporation v. Ward, 282 U.S. 379, 51 S.Ct. 170, 75 L.Ed. 400 (1931).
Applying these basic principles to the case before us, we can find no basis for holding the tax is other than an income tax. On the contrary, the tax imposed by Section 220.63 operates in the same manner as the Florida corporate income tax. Both taxes are measured by adjusted federal income for the current tax year;[4] the rates imposed by each are identical, and both taxes are levied upon corporations for the privilege of doing business in the state. The only cognizable difference between the two taxes are the statutory labels, and even that is belied by Section 220.63 being made part of the "Florida Income Tax *966 Code." Finally, we note that the tax imposed by Section 220.68 is expressly in lieu of income tax imposed on other corporations.[5] § 220.65, Fla. Stat.
We hold, therefore, that the tax imposed by Part VII, Chapter 220, Florida Statutes, is an income tax for purposes of Title 31, Section 3124, United States Code, and invalid to the extent it purports to include federal instrumentalities in its measure.
Accordingly, we reverse and remand to the trial court for further proceedings to determine the refund to which appellants are entitled.
JOANOS and ZEHMER, JJ., concur.
NOTES
[1] Section 220.63(2), Florida Statutes (1979), imposed a five percent tax which was increased to five and one-half percent applicable to years beginning on or after September 1, 1984.
[2] At issue are taxes paid under protest for the years 1981, 1982, 1983, 1984, and 1985.
[3] This is appellants' first issue. Appellants' second contention is that the tax discriminates against federal instrumentalities in favor of state instrumentalities because of exemption allowed to state instrumentalities. Due to our disposition of the first issue, it is unnecessary to address the second.
[4] The United States Supreme Court distinguished and upheld franchise taxes measured by the preceding year's corporate income in Bass, Ratcliff & Gretton v. State Tax Commission, 266 U.S. 271, 45 S.Ct. 82, 69 L.Ed. 282 (1924), and Educational Films Corporation v. Ward, 282 U.S. 379, 51 S.Ct. 170, 75 L.Ed. 400 (1931).
[5] See People ex rel. Alpha Portland Cement Co. v. Knapp, 230 N.Y. 48, 57, 129 N.E. 202, 205 (N.Y. 1920).