*459
 
 OPINION OF THE COURT
 

 Yesawich, Jr., J.
 
 *
 

 The New York City Financial Corporation Tax is imposed on financial corporations for the privilege of doing business in the City in a corporate or organized capacity. The issue presented is whether this tax is a franchise tax or a nonproperty tax in lieu thereof, thus allowing the City to take into account when calculating the tax, income petitioners received from Federal securities without violating the Federal Public Debt Statute (former 31 USC § 742, as amended 31 USC § 3124 [a]). We agree with the Appellate Division that the City Financial Corporation Tax functions as a franchise tax, making its application to the interest income earned by petitioners on Federal obligations held by them proper.
 

 (I)
 

 In 1976, petitioners Bankers Trust New York Corporation, a bank holding company, and its principal New York subsidiary, Bankers Trust Company, which are organized under the laws of New York State and maintain their principal offices in New York City, earned interest in an aggregate amount of $47,701,000 on certain debt obligations of the Federal Government and its agencies that they held in inventory and for investment purposes. This amount was included in full in their consolidated 1976 New York City Financial Corporation Tax return; all expenses incurred by petitioners to produce such interest income were deducted. The tax was ultimately paid in 1983 and in June 1984 petitioners filed a claim for a refund of $3,997,479 plus interest, the portion of the City Financial Corporation Tax imposed on interest earned on these Government obligations. They claimed that subjecting this income to the Financial Corporation Tax is precluded by the Federal Public Debt Statute (Rev Stat of US § 3701, former 31 USC § 742),
 
 [1]
 
 which exempted United States Government obligations and interest thereon from State or municipal taxation "except nondiscriminatory franchise or other nonproperty taxes in lieu thereof imposed on corporations.”
 

 In August 1984, respondent Department of Finance issued a
 
 *460
 
 notice of disallowance, stating that the City Financial Corporation Tax (which is measured by a corporation’s entire net income) prohibited deductions or exclusions for "any part of any income from * * * interest on any kind of stock, securities or indebtedness” (Administrative Code of City of New York former § R46-37.3 [b] [1] [recodified at § 11*641 (b) (1) (B)]). After a hearing, respondent Commissioner of Finance sustained the notice of disallowance and denied petitioners’ refund claim, concluding that the City Financial Corporation Tax was a franchise tax, or at the very least a nonproperty tax in lieu of a franchise tax, within the meaning of the Federal Public Debt Statute.
 

 This CPLR article 78 proceeding, timely commenced by petitioners, challenges the Commissioner’s determination. Upon transfer of the proceeding by Supreme Court, the Appellate Division unanimously confirmed the determination and dismissed the petition, holding that, although the City Financial Corporation Tax does not employ the words "franchise tax” and is measured by income, it nonetheless functions as a franchise tax, not an income tax, and therefore is immune from the provisions of the Federal Public Debt Statute. This appeal ensued.
 

 (II)
 

 Petitioners’ principal arguments are that (1) the City of New York has no authority to impose a corporate franchise tax, only the State can do so and it already does (Tax Law § 1451; 20 NYCRR 16-1.1) and (2) even were the City so empowered, its Financial Corporation Tax is not in fact a franchise tax. For the reasons that follow, we conclude that petitioners’ arguments are unpersuasive.
 

 (1)
 

 There are two types of franchise taxes, "organization taxes” (taxes established for the privilege of existing as a corporation) and "doing business” taxes (taxes imposed on the corporation’s privilege of doing business within the boundaries of the taxing authority)
 
 (see, Werner Mach. Co. v Director of Div. of Taxation,
 
 17 NJ 121, 125-126, 110 A2d 89, 91,
 
 affd
 
 350 US 492). That the State Legislature circumscribed the authority it has granted to the City to that of merely setting "doing business” taxes (Administrative Code of City of New York former § R4637.1), while retaining solely unto itself the prerogative to
 
 *461
 
 impose "organization taxes”, is a seductive but hardly compelling reason to conclude, as petitioners suggest, that the tax at issue is not a franchise tax.
 

 The State is empowered to grant franchises allowing corporations to exist as well as to do business here
 
 (see, People ex rel. Bass, Ratcliff & Gretton v State Tax Commn.,
 
 232 NY 42,
 
 affd
 
 266 US 271). Pursuant to New York Laws of 1966 (ch 772)
 
 [2]
 
 and the accompanying Model Local Law § 12 (l),
 
 [3]
 
 the State Legislature authorized New York City as its agent to levy a franchise tax on corporations for the privilege of doing business in the City, with the revenue collected remaining in the City’s control
 
 (see,
 
 NY Const, art IX, § 2 [c] [ii] [8];
 
 see, e.g., Sonmax, Inc. v City of New York,
 
 43 NY2d 253, 257;
 
 Matter of Kesbec, Inc. v McGoldrick,
 
 278 NY 293, 295;
 
 New York Steam Corp. v City of New York,
 
 268 NY 137, 145;
 
 City of Schenectady v State of New York,
 
 80 Misc 2d 223, 225;
 
 cf, Albany Area Bldrs. Assn. v Town of Guilderland,
 
 74 NY2d 372, 379). Collection of this tax by the City does not make it any less a State authorized franchise tax. The further answer to petitioners’ argument in this regard is the fact that a State may collect a franchise tax on national banking associations or banks incorporated under the laws of other jurisdictions
 
 (see, Tradesmens Bank v Tax Commn.,
 
 309 US 560, 563-565;
 
 see also, State Dept. of Assessments & Taxation v Maryland Natl. Bank,
 
 310 Md 664, 665, 531 A2d 294, 295,
 
 appeal dismissed
 
 486 US 1048), even though it does not possess the power to grant such corporations the license "to exist” in the State.
 

 Moreover, the presence of the coexisting State franchise tax
 
 [4]
 
 does not require the conclusion that the City’s Financial Corporation Tax is not a franchise tax. A number of acceptable forms of taxation can be imposed within the nondiscriminatory franchise tax exemption; the Federal Public Debt Statute does not limit the State to condition the exercise of
 
 *462
 
 corporate powers upon the payment of only one tax
 
 (see, First Am. Natl. Bank v Olsen,
 
 751 SW2d 417, 421 [Tenn],
 
 appeal dismissed sub nom. First Am. Natl. Bank v Taylor,
 
 485 US 1001).
 

 (2)
 

 Whether the City Financial Corporation Tax is a bona fide franchise tax, is a matter to be "determined by its operation rather than by particular descriptive language which may have been applied to it”
 
 (Educational Films Corp. v Ward,
 
 282 US 379, 387). That the tax does not contain the word "franchise” in its title or text is not determinative
 
 (see, e.g., Reuben L. Anderson-Cherne, Inc. v Commissioner of Taxation,
 
 303 Minn 124, 126-127, 226 NW2d 611, 614,
 
 appeal dismissed sub nom. Reuben L. Anderson-Cherne, Inc. v Commissioner of Revenue,
 
 423 US 886;
 
 Pacific First Fed. Sav. Bank v Department of Revenue,
 
 308 Ore 332, 334, 779 P2d 1033). And, the Supreme Court has repeatedly recognized that simply because a tax on a franchise is measured by income,
 
 [5]
 
 as is the tax at hand, does not connote that it cannot qualify as a franchise tax within the meaning of the statute
 
 (see, e.g., Werner Co. v Director of Taxation,
 
 350 US 492, 493-494;
 
 Pacific Co. v Johnson,
 
 285 US 480, 489;
 
 Educational Films Corp. v Ward, supra,
 
 at 387-391;
 
 Home Ins. Co. v New York,
 
 134 US 594, 600,
 
 affg
 
 92 NY 328).
 

 A true distinction between an income or property tax and a bona fide franchise tax
 
 [6]
 
 imposed upon a corporation for the privilege of doing business in the State is that a franchise tax —unlike an income or property tax — requires the earning of income, or the possession of property, to coincide with the prerogative of doing business in the corporate form
 
 (see,
 
 
 *463
 

 Educational Films Corp. v Ward, supra,
 
 at 388;
 
 Reuben L. Anderson-Cherne, Inc. v Commissioner of Taxation, supra,
 
 at 614-615;
 
 Savings League v Wisconsin Dept. of Revenue,
 
 141 Wis 2d 918, 924-925, 416 NW2d 650,
 
 review denied
 
 144 Wis 2d 956, 428 NW2d 554,
 
 appeal dismissed
 
 488 US 806). If the taxpayer could still be liable for the tax despite corporate dissolution or the complete cessation of business, it is a tax on property or income, not on the franchise of doing business.
 

 That the New York City Financial Corporation Tax is indeed a franchise tax is borne out by the fact that, tracking the language of the enabling statute’s Model Local Law § 12 (1), it is levied "[f]or the privilege of doing business in the city in a corporate or organized capacity” and if petitioners were to dissolve or cease doing business in the City they would no longer be subject to the tax (Administrative Code of City of New York former § R46-37.1 [a] [recodified at § 11-639]).
 

 The New York City Financial Corporation Tax being a franchise tax within the meaning of the Federal Public Debt Statute, inclusion of interest on Federal Government obligations to determine the amount owed by petitioners for the tax year 1976 under such tax was expedient. Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Simons taking no part.
 

 Judgment affirmed, with costs.
 

 *
 

 Designated pursuant to NY Constitution, article VI, § 2.
 

 [1]
 

 . In 1982, United States Revised Statutes of 1878 § 3701 (31 USC § 742) was reformulated without substantive change as 31 USC § 3124 (a)
 
 (American Bank & Trust Co. v Dallas County,
 
 463 US 855, 859, n 1,
 
 reh denied
 
 463 US 1250).
 

 [2]
 

 . New York Laws of 1966 (ch 772, § 1) authorizes "any city having a population of one million or more * * * to adopt and amend local laws imposing * * * taxes on * * * financial corporations”.
 

 [3]
 

 . The enabling legislation’s Model Local Law § 12 provides that a "[t]ax based on net income” be imposed "[f]or the privilege of doing business in the city” (L 1966, ch 772, § 1).
 

 [4]
 

 . Tax Law § 1451 (a) imposes a tax on every banking corporation "[f]or the privilege of exercising its franchise or doing business in this state in a corporate or organized capacity.” The amount of the tax owed is measured by the "taxpayer’s entire net income” with certain adjustments not relevant here (Tax Law § 1455).
 

 [5]
 

 . Insofar as petitioners advert to the fact that the New York City unincorporated business tax has consistently been held to be an income tax
 
 (see, Matter of Byrn v Chu,
 
 105 AD2d 963,
 
 lv denied,
 
 64 NY2d 606), we note that tax is "expressly imposed
 
 on
 
 the 'taxable income of every unincorporated business’ ”
 
 (Matter of Berardino v New York State Tax Commn.,
 
 78 AD2d 936, 937, quoting Administrative Code of City of New York § S46-3.0 [emphasis added]).
 

 [6]
 

 . The Department of Finance correctly observes that we previously affirmed on the opinion of Supreme Court a decision stating that the New York City Financial Corporation Tax was a franchise tax
 
 (see, Woodside Sav. & Loan Assn. v Gallman,
 
 73 Misc 2d 357, 360,
 
 affd on opn of Special Term
 
 34 NY2d 674,
 
 appeal dismissed
 
 419 US 810). However, that case did not involve whether the Financial Corporation Tax was a franchise tax within the meaning of the Federal Public Debt Statute.